UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| SHAY TREME, ET. AL. | CIVIL ACTION NO. 07-1134 |
| VERSUS | JUDGE MELANÇON |
| HKA ENTERPRISES, INC. | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Before the Court are plaintiffs' Motion to Conditionally Certify a Collective Action Pursuant to §216(b) of the FLSA and to Approve a Proposed Notification to All Putative Collective Action Members and Memorandum in Support thereof [Rec. Doc. 12], and defendant's Memorandum in Opposition to plaintiffs' Motion [Rec. Doc. 14]. For the following reasons, the plaintiffs' Motion [Rec. Doc. 12] will be **DENIED**.

### I. BACKGROUND

In the aftermath of Hurricanes Katrina and Rita, certain agencies of the federal government sought the assistance of private companies to assist in the recovery effort. HKA Enterprises, Inc. ("HKA" or "defendant"), a staffing company that provides engineering, construction, and operation and maintenance personnel to end users and contractors, was one of the private companies either directly or indirectly engaged by the government. HKA employees Shay Treme ("Treme"), Tony Willrich ("Willrich"), James Washington ("Washington"), Jeffrey Newman ("Newman"), and Bradley Dunagen ("Dunagen") (collectively "plaintiffs") were called upon to staff certain hourly positions in the devastated areas and allegedly routinely

worked in excess of forty hours per week to meet the demand created by these natural disasters. HKA classified the plaintiffs as "exempt" employees under the federal Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §201, *et. seq.*, and, accordingly, paid them their standard rate of pay for every hour worked - including hours in excess of forty per week.

In July of 2007, plaintiffs initiated this action alleging that they were "non-exempt" employees and that HKA failed to pay overtime compensation at a rate of one and one-half times the regular rate of pay as required by §207 of the FLSA. In response, HKA argues that the plaintiffs were "exempt" employees pursuant to §213 of the FLSA, or, alternatively, that the plaintiffs were paid all wages owed. On February 22, 2008, plaintiffs filed a motion seeking to conditionally certify this action as a collective action under §216(b) of the FLSA on behalf of all current and former HKA employees who are similarly situated. HKA opposes this motion.

## II. STANDARD FOR CERTIFICATION

Section 216(b) of the FLSA permits an action to recover damages to be maintained "against any employer (including a public agency) in any Federal or State Court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. §216(b). Unlike a class action under Federal Rule of Civil Procedure 23, however, members of a collective action brought under the FLSA must "opt-in" as "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to

become such a party and such consent is filed in the court in which such action is brought." *Id.* Collective actions under this provision are generally favored because they reduce litigation costs for the individual plaintiffs and create judicial efficiency by resolving "common issues of law and fact arising from the same alleged ... activity." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

The United States Fifth Circuit Court of Appeal has recognized two methods by which a court can approve an FLSA collective action. *See Mooney v. Aramco Serv. Co.*, 54 F.3d 1207 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). Under the first approach, collective action certification is identical to class certification pursuant to Fed. Rule Civ. P. 23 and requires the plaintiff to establish numerosity, commonality, typicality, and representativeness before notice is sent to the potential class members. *Shushan v. Univ. of Colo. at Boulder*, 132 F.R.D. 263, 266-67 (D. Colo. 1990) (Nottingham, J.); Fed. R. Civ. Pro. 23. The second approach satisfies the "similarly situated" requirement with a two-stage analysis. *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987) (Lechner, J.). At the first stage, commonly referred to as the "notice" stage, a court's inquiry is considerably less rigorous than under Rule 23. *Mooney*, 54 F.3d at 1214. "[T]he district court makes a decision - usually based only on the pleadings and affidavits which have been submitted - whether notice should be given to potential class members." *Id.* at 1213-14. If the court rules that the plaintiff has met its burden, typically a collective action is conditionally certified and notification

is sent to potential class members with instructions on how to opt-in to the suit. The second stage is normally precipitated by a motion to decertify the class filed by the defendant upon substantial completion of discovery. At that point, the Court engages in a more substantial inquiry regarding the numerosity, commonality, typicality, and representativeness of the parties. *Id.*

The Fifth Circuit has not expressed a preference towards either approach. However, a review of the district court cases considering certification of an FLSA collective action reveals that a majority of courts in this circuit have favored the two-stage *Lusardi* approach. *See i.e. Lopez v. Sam Kane Beef Processing*, 2008 WL 565115 (S.D. Tex. 2/29/08) (Head, C.J.); *Falcon v. Starbucks Corp.*, 155 Lab.Cas.P. 35,387 (S.D. Tex. 1/15/08) (Ellison, J.); *Clary v. Southwest Airlines*, 2007 WL 4947690 (N.D. Tex. 12/12/07) (Solis, J.); *Ebbs v. New Orleans Parish Sch. Bd.*, 2007 WL 2127699 (E.D. La. 7/24/07) (Porteous, J.); *Gallender v. Empire Fire & Marine Ins. Co.*, 2007 WL 325792 (S.D. Miss. 1/31/07) (Bramlette, J.); *Updite v. Delta Beverage Group, Inc.*, 2006 WL 3718229 (W.D. La. 12/15/06) (Hicks, J.); *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504 (M.D. La. 2005) (Polozola, C.J.). As this approach provides the court with much more information on which to base its final decision on the "similarly situated" question, this Court also adopts the *Lusardi* approach.

Under *Lusardi*, the plaintiff bears the burden of making a preliminary factual showing that at least a few similarly situated individuals exist. While the burden

4

imposed is not particularly heavy, conditional certification is by no means automatic. *See Badgett v. Texas Taco Cabana, L.P.*, 153 Lab.Cas.P. 35,224 (S.D. Tex. 10/12/2006) (Miller, J.) (stating that, of the 115 FLSA actions filed in the Southern District of Texas purporting to be collective actions, only 17 were certified as such). While a plaintiff need only demonstrate a reasonable basis for the allegation that a class of similarly situated persons may exist, *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996), at least some evidence beyond unsupported factual assertions of a single decision, policy, or plan must be presented. *Lima v. Int'l Catastrophe Solutions,* Inc., 493 F. Supp. 2d 793, 798 (E.D. La. 6/27/2007) (Fallon, J.); *Badgett*, 153 Lab.Cas.P. 35,224 at *2; H&R *Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 6/23/1999) (Cobb, J.). Otherwise, the plaintiff's motion must be denied.

### III. ANALYSIS

In this case, the sole basis presented for conditional certification is an affidavit of one of the named plaintiffs, Treme, stating that, upon "information and belief," there are others similarly situated; however, there is no indication in the record of what facts, if any, form the basis of this "information and belief." Treme's affidavit, then, is nothing more than an unsupported restatement of the allegations contained in the Complaint [Rec. Doc. 1]. These uncorroborated assertions, without more, do not fulfill the plaintiff's burden under *Lusardi*. *See Badgett*, 153 Lab.Cas.P. 35,224 (holding that uncorroborated statements of potential plaintiffs, without more, is insufficient to maintain a collective action under *Lusardi*).

Despite the lack of support, plaintiffs maintain that the Court should certify this collective action because the Honorable Jay C. Zainey of the United States District Court for the Eastern District of Louisiana conditionally certified a collective action on the basis of similar evidence in a similar case against the same defendant. *See Harris v. HKA, Enterprises*, Civil Action No. 06-2125 (E.D.La). A review of the record of that proceeding, however, reveals that Judge Zainey was provided more than just an unsupported affidavit; time sheets and a letter from the defendant purportedly sent to other members of that potential action were submitted in addition to the plaintiff's affidavit in that case. No such evidence is before this Court, and the Court will not presume that evidence presented in another proceeding in another district constitutes evidence in the proceeding currently pending in this district.[1]

The Court notes that counsel for plaintiffs have also failed to attach any proposed notice of collective action to its motion to conditionally certify in this Court. While there is a reference to the notice approved in the Eastern District, the record does not contain a proposed notice for consideration by this Court. As such, were the Court to conditionally certify a collective action, it would be unable to grant plaintiff's request for approval of notice and notice could not issue to the purported

---

[1] It is also worth noting that, based on the transcript of the hearing conducted in the Eastern District, it appears that the presiding judge was, at best, hesitant to conditionally certify the collective action on the basis of the evidence before him. Given that this Court is presented substantially less evidence, this ruling is not inconsistent with the ruling in the Eastern District. The Court does not mean to suggest that if the same evidence is presented in this proceeding, the same result would issue. Should plaintiffs resubmit their motion with additional evidence, the Court will consider the motion anew and issue a ruling on the basis of the evidence then presented.

class members.

## IV. CONCLUSION

Plaintiffs' bare and unsupported allegations are simply not enough to carry even the light burden imposed by *Lusardi*. As such, the Motion to Conditionally Certify a Collective Action Pursuant to §216(b) of the FLSA and to Approve a Proposed Notification to All Putative Collective Action Members [Rec. Doc. 12] must, and will, be **DENIED**. However, if appropriate and timely, plaintiffs may resubmit their motion and any accompanying evidence for reconsideration by this Court at a later date. Should the facts and evidence warrant the re-submission of the motion, counsel should also attach a proposed notice of collective action for the Court's consideration.